I agree with the majority that the judgment of the Court of Criminal Appeals in this case must be reversed and the case remanded for the Court of Criminal Appeals to examine the sufficiency of the evidence to support Rosalyn McNish's conviction. The issue was preserved by Rosalyn's motion for a judgment of acquittal made at the close of all the evidence.
I, however, disagree with any inference in the majority opinion that Rosalyn's motion for a judgment of acquittal made at the close of the State's evidence preserved the issue for appellate review. At that time, Rosalyn moved for a judgment of acquittal on the grounds that "the Statehas not proven the case beyond a reasonable doubt." This motion did not preserve a challenge to the sufficiency of the evidence. Specifically, this objection did not adequately advise the trial court that it needed to review the sufficiency of the evidence as to each element of the offenses charged to determine if it was necessary for the defense to present evidence in opposition. While I agree with the sentiment that it is not necessary to use the exact terminology "The State has failed to prove a prima facie case," I cannot agree that the vague and ambiguous statement that "the State has not proven the case beyond a reasonable doubt" is adequate to place the trial court on notice of a challenge to the sufficiency of the evidence as to the charged offenses.
Rosalyn, however, adequately directed the trial court's attention to the sufficiency of the evidence of the charged offenses at the close of all the evidence, by stating: "[T]he evidence is insufficient to supporta finding of guilt beyond a reasonable doubt to the charged offenses." That objection directed the trial court to consider the offenses charged in the indictment and to determine whether the evidence as to each element of the charged offenses was legally sufficient to support a jury verdict as a matter of law. That objection preserved Rosalyn's challenge to the sufficiency of the evidence.
 "`Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review . . . .'
 ". . . The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury."
Ex parte Works, 640 So.2d 1056, 1058 (Ala. 1994).
While a motion for a judgment of acquittal need not contain the specific phrase "prima facie case," it does need to adequately direct the trial court's attention to the evidence to allow an informed decision on the motion.